CASE No. *845.

THE STATE, *EX RELATIONE* JONES, v. BOLES.

A sheriff is not relieved from liability to the senior judgment creditor for moneys realized from a sale of the debtor's property and applied to a junior judgment, although directed so to do by an order of the Circuit Court under proceedings by rule, but to which the senior judgment creditor was not a party.

Before TOWNSEND, J., Edgefield, October, 1877.

This was an action upon the bond of Isaac Boles, late sheriff of Edgefield county, to which action his sureties were also defendants, to recover the amount of a judgment obtained by Lewis Jones, the plaintiff here, against one Mims. Boles, while sheriff, had sold property belonging to Mims for a sum exceeding the amount of the Jones judgment, which was the oldest existing judgment against Mims. Upon a rule to show cause, issued by Judge Orr in 1870, and the return thereto, Boles was ordered to apply this Mims money to certain junior judgments under which the property was sold. Boles complied with this order, but Jones was no party to these proceedings, and never heard of them, nor was the existence of his judgment brought to the attention of Judge Orr. The defendants relied upon this order of Judge Orr and the statute of limitations as their defences. Mims' lands were sold December, 1868, Boles vacated his office the same month, Judge Orr's order and Boles' payments were

---

* Case No. 844, *Arnold* v. *House,* will be found in 12 *S. C.* 600.

January 15th, 1870; this action was commenced January 17th, 1876.

Judge Townsend charged the jury that the order of Judge Orr protected Boles from all liability on account of the application to the junior judgments of the proceeds of the sale of Mims' land, and that if there was error in such application the remedy of relator was against the junior judgment creditors. To this ruling the relator excepted. Verdict for defendants; and plaintiff appealed.

*Mr. J. P. Carroll,* for appellant.

*Mr. J. C. Sheppard,* contra, supported the judge's ruling, and also claimed the benefit of their plea of the statute of limitations, citing *Chev.* 25; 3 *B.' & Ald.* 288, 626; 20 *Johns.* 33; 2 *Strob.* 344; 4 *Rich.* 39; 2 *Greenl. on Ev.,* §§ 433, 434; 2 *C. & P.* 107; 1 *C. & P.* 312; 16 *East* 215; *Chitty on Cont.* 637.

March 24th, 1880. The opinion of the court was delivered by

WILLARD, C. J. This action is against the sheriff and his sureties on his official bond, the relator claiming that the sheriff had improperly paid over the proceeds of the sale of the lands of an execution debtor under junior judgments, when he should have satisfied the judgment of the relator, which was the eldest. The only question that can be considered under the present appeal is, whether there was error in the charge of the Circuit judge in holding that the relator Jones was bound and estopped by an order of the Circuit Court, made against the sheriff on the application of the junior judgment creditors, directing the sheriff to pay over to them the proceeds of the sale in question, when the relator Jones was not a party to the proceeding in which the order was made, and had no notice of it.

The charge violated the fundamental principle and rule of law that no one shall be bound by a judgment or order who is not a party thereto or in privity with one who is a party. Jones had no opportunity to object to the order in question, and, of course, was not bound by it. The sheriff had the means in his power of protecting himself by causing Jones to be made a party to such

proceeding, and, failing to do so, he cannot throw the consequences on the relator.

There must be a new trial.

McIver and McGowan, A. J.'s, concurred.